Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, Malicious Prosecution, Excessive Force, Harassment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ADAM LOPEZ

                        Plaintiff                  CIVIL ACTION:

v.

THE CITY OF NEW YORK
NEW YORK CITY POLICE DEPARTMENT
Unnamed NYPD Officers

                                                VERIFIED COMPLAINT
                                                     JURY CLAIM
                                                 AS TO ALL COUNTS

                        Defendants

_____

INTRODUCTION

Adam Lopez ["Lopez"] of Bronx, New York, asserts the following claims against the defendants in the above-entitled action:

        1. Violation of 42 U.S.C. 1983: False Arrest

        2. Violation of 42 U.S.C. 1983: Malicious Prosecution

        3. Excessive Force

JURISDICTION

1.  Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

PARTIES

3. Plaintiff Adam Lopez ["Lopez"] is a natural person residing in Bronx, New York, United States of America and was a resident of Bronx, NY during all relevant times of this action.

4. Defendant City of New York is a properly incorporated city in the State of New York and is being sued under "Monell" claims.

5. Defendant un-named police officers are unknown members of the NYPD. Defendant NYPD is an entity/agency of the City of New York.

FACTS

6. On or about March 14, 2012, Plaintiff alleges that he was arrested without cause for Criminal Sale of a Controlled Substance, and was subsequently incarcerated for 2 days.

7. The matter was eventually dismissed. On the date of the incident there was a separately arrested possessor of the controlled substance who repeatedly indicated that she had not purchased the substance from Plaintiff Lopez.

COUNT 1: VIOLATION OF 42 U.S.C. 1983: FALSE ARREST

8. Plaintiff repeats and reallaeges and incorporates by reference the allegations in paragraphs 1 through 7 above with the same force and effect as if herein set forth.

9. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986, and 1988.

10. For "Monell" purposes, Defendant City of New York ("City") failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest. Furthermore, we allege that it is Department policy to make arrests where allegations of criminality take place, as such all members employed by said department in a position/capacity to arrest any other individual would/should properly be trained by the department to perform said duty in a just and proper manner. We also allege that it is the general practice of the Department to fully investigate any and all matters before them, and do so in a proper and judicious manner, the failure to have done so in this matter is a breach of the aforementioned implied, and direct, policy of this department.

11. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis for the belief that the person committed the crime.

12. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice directly led to the false arrest and false imprisonment, of Mr. Lopez for an offense that he did not commit.

13. Acting under color of law, Defendant's engaged in a denial or Lopez' rights privileges and immunities secured by the United States Constitution or by Federal Law, as incorporated by the Fourteenth Amendment. Specifically, but not limited to, a

violation of Mr. Lopez' right to due process under the Fourth Amendment as incorporated by the Fourteenth Amendment.

14. There was no probable cause for the …. Arrest and incarceration of Mr. Lopez, and as a result his constitutional rights were violated. No sufficient cause for any warrant, if issued.

15. As a result of the Defendant's unlawful and malicious action Lopez was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. section 1983. Furthermore, Plaintiff alleges that the officers in question were engaged in a violation of official power granted them by the government, as per *Parilla-Burgos*, 108 F.3d 449.

WHEREFORE, Plaintiff demands judgment for the false arrest against all Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendants conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." *Smith v. Wage*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor,* 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

COUNT 2: VIOLATION OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

16. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 15 above with the same force and effect as if herein set forth.

17. For "Monell" purposes, Defendant City of Mount Vernon, ["City"] failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest.

18. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute persons for various crimes while being indifferent to whether or not there was probable cause or sufficient evidence to show that that person committed the crime.

19. Defendant City knew or should have known that this type of conduct, custom, unwritten police, or practice was taking place in their police department. This practice led to the false arrest and false imprisonment of Mr. Lopez for a crime that he did not commit.

20. Defendant's intentionally and maliciously, instituted and pursued a criminal action against Mr. Lopez that was brought without probable cause and was dismissed in Lopez's favor.

21. As a result of the concerted unlawful and malicious prosecution of Lopez, the Defendant's deprived Lopez or both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth Amendment of the Constitution of the United States, and 42 U.S.C. sec 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 3: EXCESSIVE FORCE

22. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 21 above with the same force and effect as if herein set forth.

23. Plaintiff alleges that Officers excessive force against Plaintiff In that he was cuffed very tightly, over Planitffs complaints, and was caused physical harm due to the Plainitff.

24. Said conduct caused Plaintiff demonstrable injuries, pain and suffering. Furthermore this illegal conduct violated Plaintiff's clearly established rights under the 8th and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, Plaintiff demands judgment for the use of Excessive Force against all Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Respectfully submitted,

Adam Lopez
By his attorney
March 7, 2015

_____/s/_____
Carlos Gonzalez, Esq.
Gonzalez Law Associates
380 Lexington Ave, 17th Floor
New York, NY 10168
212-405-2234